**GEORGE'S PEST CONTROL SERVICE, a division of Cardiff Pest Control, a corporation, Petitioner,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

**No. 76–3760.**

United States Court of Appeals, Ninth Circuit.

Nov. 11, 1977.

Alfred W. Driscol, III., Chico, Cal., for petitioner.

David R. Andrews, San Francisco, Cal., for respondent.

Before BROWNING, GOODWIN, and KENNEDY, Circuit Judges.

PER CURIAM:

The Regional Administrator of the Environmental Protection Agency found the petitioner had violated the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. § 135, *et seq.* (Supp. V 1975), and assessed a civil penalty of $1,000. Section 136j(a)(2)(G) of Title 7 proscribes the use of "any registered pesticide in a manner inconsistent with its labeling." Petitioner contends that the EPA failed to adduce sufficient evidence to prove a violation of that section. The decision and order of the Administrator must be sustained if it is supported by a substantial evidence, when considered on the record as a whole. 7 U.S.C. § 136n(b) (Supp. V 1975). We affirm.

The record demonstrates that an employee of petitioner sprayed either DIAZINON 4S or DIAZINON 4E in the interior of a retail meat market. DIAZINON 4S and 4E are EPA registered pesticides and carry the following cautionary label:

Limited to crack and crevice treatment only—apply a small amount of material in a ½–1% solution directly into cracks and crevices such as expansion joints between different elements of construction or between bases and the floor, wall voids, or hollow equipment legs where cockroaches, ants, spiders, and silverfish hide. Apply as a pin thin stream. CARE SHOULD BE TAKEN TO AVOID DEPOSITING THE PRODUCT ONTO EXPOSED SURFACES OR INTRODUCING THE MATERIAL INTO THE AIR. AVOID CONTAMINATION OF FOOD OR FOOD PROCESSING SURFACES. APPLICATION OF THIS PRODUCT IN THE FOOD HANDLING AREAS OF FOOD HANDLING ESTABLISHMENTS, OTHER THAN AS A CRACK AND CREVICE TREATMENT, ARE NOT PERMITTED.

The record contains substantial evidence to support the following conclusions: (1) the employee, in applying the pesticide, held the nozzle of the applicator eight to twelve inches away from crevices at the intersection of the wall and the floor and saturated a portion of the wall as a result [Record at 183, 203]; (2) during the application of the pesticide an employee of the California Department of Agriculture, who was present in the room, experienced a burning sensation in his eyes; (3) fresh cut meat was hanging in the room; and (4) samples of sawdust collected from the room contained Diazinon. This evidence is sufficient to establish that exposed surfaces of the room were contaminated with Diazinon and that the pesticide was not applied "directly into cracks and crevices," as required by the label.

The Administrator could conclude, quite properly, that the application of the pesticide was inconsistent with the labeling in-

structions. A violation of section 136j(a)(2)(G) is thereby established and the decision of the Regional Administrator is AFFIRMED.